*E. Johnson*, for plaintiff.

*C. Creighton*, for defendant.

---

## IN THE MATTER OF THE GUARDIANSHIP OF H. G. McGREW.

APPEAL FROM COOPER, JUDGE.

HEARING, MARCH 22, 1894.            DECISION, APRIL 19, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A Circuit Judge in Probate may order a guardian to pay counsel fees to his ward's wife to enable her to defend in proceedings brought to deprive her of the custody of her infant child.

OPINION OF THE COURT, BY FREAR, J.

This is an appeal from an order of Circuit Judge Cooper that C. L. Carter, guardian of H. G. McGrew, pay $50 as counsel fee to Sinette, wife of said H. G. McGrew, to enable her to defend in proceedings brought to deprive her of the custody of her infant son, Reynold Brodie McGrew, and to have a guardian appointed over him.

Counsel for the appellee contends that the order is not appealable because the matter lies wholly within the discretion of the trial Judge. It may be that in a case in which an order of this nature might lawfully be made and in which there has been no abuse of discretion, an appellate court would neither reverse an order granting or refusing counsel fees, nor alter the amount awarded, if any. But in this instance the guardian contends that the Court has no authority whatever in the matter of counsel fees, no authority even to hear the motion for counsel fees, his objection being made in the form of a motion to dismiss, based upon the grounds that no request had first been made of him for fees, and that the allegations in the motion were immaterial. The first of these grounds is the one chiefly relied upon. It is argued that the guardian acts independently of the Court and that there should be some neglect of duty on his part before the power of the Court is invoked. It seems to us that the question is not whether there has been a neglect of duty by the guardian, but whether the applicant is under the circumstances of the case in justice entitled to counsel fees irrespective of the question whether a demand has first been made. We know of no law which prescribes that a request is a condition precedent to a right to fees in such a case as this. A guardian, it is true, has larger discretion and acts more independently of the Court in the management of the ward's estate under our laws than in England and some other jurisdictions, but he is nevertheless an officer of the Court and subject to its direction, and our statute expressly provides that "every guardian shall account for and dispose of the personal estate of the ward as directed by the judge." Civil Code, Sec. 1360. While a guardian may perhaps in the exercise of his powers properly allow counsel fees in a case of this kind, if so requested, without first obtaining leave of court, we see no reason why the court cannot order him to pay such fees at any time whether he has first passed, or had an opportunity to first pass, upon the question or not.

The order of the Circuit Judge must stand and the appeal is dismissed.

*Carter & Carter*, for the appellant.

*C. W. Ashford*, for the appellee.